SEALED

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>LEON BENZER, et al.<br><br>Defendant(s). | 2:13-CR-18 JCM (GWF) |

## SEALED ORDER

Presently before the court is defendant Keith Gregory's sealed motion to reconsider (doc. # 262 and 263) a sealed order issued by Magistrate Judge George Foley (doc. # 247). The government has not filed a response to this motion.

I.    **Background**

In the instant motion, defendant argues that Magistrate Judge Foley erred in denying his motion to seal. (Doc. # 226). In the underlying motion, defendant argued that the information contained in the government's forthcoming motion, (doc. # 226-1), if made public, would infringe his Sixth Amendment right to a fair trial. (Doc. # 226 at p. 5). Defendant further argued that the qualified right of access to court documents under the First Amendment should not be granted because (1) there is no established right to access inadmissable evidence and (2) the motion would potentially prejudice potential jurors against the defendant and thereby violate his Sixth Amendment protections. (Doc. # 226 at p. 6-7).

**James C. Mahan**
**U.S. District Judge**

1  The magistrate judge denied defendant's motion, finding that (1) the government's motion
2 is not so inflammatory as to "prejudice the entire community against [d]efendant" (doc. # 247 at p.
3 14) and (2) that any potential prejudice may be effectively resolved by other means such as a
4 thorough voir dire of potential jurors (doc. # 247 at p. 16).

## II.  Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Nev. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 629 F.3d 793, 825 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. 2012).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.  Discussion

Presently, defendant argues that the government's forthcoming motion–which he sought to seal–was "actually just a notice" pursuant to Rule 404(b), and that the magistrate judge erred by considering it as a motion that was subject to the common law right of access. (Doc. # 262 at p. 2-3). Defendant also argues that the magistrate judge "misapplied the applicable" First Amendment right

James C. Mahan
U.S. District Judge

- 2 -

of access tests. (Doc. # 262 at p. 5).

The first step a court must take when determining whether a document should be sealed despite the common law right of access is to determine if the right of access applies to the document at issue. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Only two categories of documents have been found to not be covered by the common law right of access: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* (internal citations omitted).

Once it has been determined the common law right of access applies to the document, there is a "strong presumption in favor of access." *Id.* (internal quotation omitted). A party who wishes to seal must overcome this presumption by articulating "compelling reasons supported by specific factual findings" which would outweigh the public policy favoring access. *Id.*

The court finds that the magistrate judge did not err by finding that the government's motion was subject to the common law right of access. Even considering the document as a notice rather than a motion, a 404(b) notice is traditionally filed publicly. These documents do not fit into one of the two exceptions that courts have identified. *See Kamakana*, 447 F.3d at 1178.

The court also finds the applicable tests were correctly applied when the magistrate found that the document was subject to the First Amendment right of access. The first test–the "experience test"–asks a court to consider whether the document or proceeding has been historically open to the public. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986). The second test–the "logic test"–requires a court to consider whether public access plays a significant role in the functioning of the particular process in question. *Id.* The magistrate judge did not err in finding that this type of document was historically open to the public, and that, as with most documents in a criminal proceeding (other than grand jury transcripts and warrant materials), public access plays a significant role in the functioning of the process.

The court finds that Magistrate Judge Foley's decision to deny defendant's motion to seal was not in error.

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for reconsideration, (doc. # 262), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for reconsideration, (doc. # 263) is DENIED as duplicative.

IT IS FURTHER ORDERED that this order, together with defendant's motion to seal (doc. # 226), the government's response (doc. # 228), defendant's reply (doc. # 231), the magistrate judge's order (doc. # 247), and defendant's motions to reconsider (doc. # 262 and 263), as well as the minutes and recording of the January 14, 2014, motion hearing, shall be unsealed thirty (30) days after the entry of this order unless an appeal to this order is filed. If an appeal is filed, then this order and the foregoing documents shall remain under seal, subject to further order by the Ninth Circuit.

DATED July 9, 2014.

*James C. Mahan*

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -