UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is the government's motion *in limine* to admit evidence of other acts by defendant Keith Gregory (hereinafter "defendant") pursuant to Federal Rule of Evidence 404(b).  (Doc. # 374).  Defendant filed a response, (doc. # 377), and the government filed a reply, (doc. # 379).

**I.      Background**

The facts of the instant case are familiar to the court and the parties.  Defendant Gregory and his co-defendants are accused of participating in a scheme to take over homeowners association ("HOA") boards to fraudulently obtain legal work and construction contracts.  (Doc. # 374).

Defendant is an attorney who allegedly represented the HOA boards controlled by defendant Benzer.  Defendant also purportedly brought lawsuits to assist straw purchasers with obtaining HOA board positions.  (Doc. # 374).

**II.     Legal Standard**

*A.  Motions in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible."  Fed. R. Evid. 104.  Motions *in limine* are procedural mechanisms by which the

**James C. Mahan**
**U.S. District Judge**

court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

B. *Other acts evidence*

Federal Rule of Evidence 404(b)(1) states that, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows introduction of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In the Ninth Circuit, evidence is admissible under Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008).

James C. Mahan
U.S. District Judge

The fourth prong is a prerequisite when the evidence is introduced to prove intent. *See United States v. Luna*, 21 F.3d 874, 878 n.1 (9th Cir. 1994).

Evidence passing the Rule 404(b) test is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. *See* Fed. R. Evid. 403; *United States v. Ramirez-Jimenez*, 967 F.2d 1321, 1327 (9th Cir. 1992).

C.  *Intrinsic evidence*

Evidence that is inextricably intertwined with the instant crime charged is considered to be intrinsic. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Where evidence meets this test, it is exempt from the prohibition on character evidence in Federal Rule of Evidence 404(b). *Id.*; *see also* Fed. R. Evid. 404(b) (stating that evidence of other acts is not admissible to prove that defendant acted in accordance with a particular trait).

The Ninth Circuit has permitted evidence as intrinsic in two instances. First, evidence may be inextricably intertwined with the instant offense where the other act "constitutes a part of the transaction that serves as the basis for the criminal charge." *Vizcarra-Martinez*, 66 F.3d at 1012. "The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant is 'indicted for less than all of his actions.'" *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)).

Second, evidence may be admitted as intrinsic where "it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime . . . ." *Vicarra-Martinez*, 66 F.3d at 1012-13.

**III.    Discussion**

The government intends to introduce three areas of other acts evidence against defendant in its case-in-chief. (Doc. # 374). The government contends that each piece of evidence tends to show intent, common plan and scheme, and absence of mistake or accident. The admissibility of evidence relating to each of the three incidents will be addressed in turn.

A. *2001 state bar complaint*

The government first seeks to admit evidence that defendant was suspended by the State Bar of Nevada for lying to his client. (Doc. # 374). The conduct in the complaint purportedly occurred from 1997 to 1999. (Doc. # 374). Defendant allegedly "failed to serve a complaint, allowed the statute of limitations to run on the claim, and then persistently lied to the client . . . ." (Doc. # 374). Defendant was sanctioned as a result of these infractions. (Doc. # 374).

The government argues that this evidence of dishonesty proves intent, absence of mistake, and lack of accident. (Doc. # 374). The government reasons that in the instant case, defendant "lied again to his HOA clients about who was paying for his representation, whether he had conflicts of interest, and whether he was actually working in the HOAs' best interests." (Doc. # 374).

This proposed evidence does not meet the first and fourth prongs of the *Cherer* test. The evidence must first tend to prove a material point in the current case. The government argues that this evidence tends to prove intent, which is an element of the instant fraud claim against defendant. (Doc. # 374).

The proposed evidence relates to defendant's failure to timely act in an unrelated case, and his subsequent misrepresentation to the client regarding the case's status. This does not tend to prove the defendant's intent to lie regarding a conflict of interest or his intent to defraud clients through the instant conspiracy.

The government also has not shown sufficient similarity between the instant offense and the defendant's prior misconduct. The government argues that because the conduct leading to defendant's 2001 discipline involved lying, it is "nearly identical" to the instant allegations of dishonesty. (Doc. # 374). The court again disagrees.

The alleged deceitful conduct at issue in this case involves entirely different subject matter than the statements for which defendant was disciplined in 2001. Defendant's 2001 reprimand resulted from mishandling a case. Defendant mistakenly allowed the statute of limitations to run in that case and subsequently misrepresented the status of the suit to the client.

James C. Mahan
U.S. District Judge

- 4 -

The court finds that this other acts evidence is of an entirely different nature than the instant allegations. Defendant is now charged with conspiracy for alleged fraudulent conduct related to conflicts of interest. As a result, the court does not find that this evidence meets the first or fourth prongs of the *Cherer* test. In light of this ruling, the court will not address this evidence under the other prongs of the *Cherer* test or under Federal Rule of Evidence 403.

Accordingly, the motion *in limine* will be denied with regard to defendant's 2001 discipline. The admissibility of this evidence may be readdressed at trial if appropriate.

B.  2008 state bar complaint

The government next seeks to introduce evidence of a complaint filed against defendant with the State Bar of Nevada in 2008. (Doc. # 374). The complaint alleged that defendant unlawfully split fees with a paralegal and allowed him to practice law. (Doc. # 374). It further alleged that defendant "failed to disclose his relationship with Leon Benzer and Silver Lining before accepting an appointment as counsel to the Vistana HOA." (Doc. # 374).

The government contends that this evidence is admissible under Rule 404(b) to prove lack of mistake or accident. (Doc. # 374). The court finds that this evidence, like the 2001 evidence, does not meet every prong of the *Cherer* test.

The government argues under the first prong that the evidence tends to show intent and lack of mistake or accident because "despite being reprimanded by the State Bar of Nevada, Defendant Gregory continued to split fees illicitly with his paralegal." (Doc. # 374). The government also argues that the 2008 complaint put defendant on notice of his conflict of interest, and that he then persisted in these conflicting representations without disclosing them to the Vistana HOA. (Doc. # 374).

The government's initial argument under this prong fails for a number of reasons. First, while the government has provided evidence of defendant's discipline, it has not proven that defendant then continued to split fees. Further, any proof that defendant continued to split fees with a paralegal after having been reprimanded does not tend to show intent to engage in the alleged conspiracy, because it does not prove dishonest intent with regard to defendant's HOA clients.

James C. Mahan
U.S. District Judge

- 5 -

1    The government's second argument with regard to intent is also unsuccessful. The government itself states that this conduct "occurred contemporaneously with the conduct alleged in the indictment." (Doc. # 374). Defendant contends that "the 2008 Complaint was not filed until a month after search warrants had been served and the HOA investigation was underway." (Doc. # 374). Based on the evidence provided by the government, the court is unable to conclusively find that "the evidence tends to prove a material point." *Cherer*, 513 F.3d at 1157.

The court also cannot find that "the evidence is sufficient to support a finding that defendant committed the other act," as required by *Cherer*. *Id.* While the government states that a disciplinary board screening panel considered the complaint and issued a formal reprimand, the government fails to attach any such evidence to its motion. (Doc. # 374).

The only evidence provided to the court is a letter addressed to the State Bar of Nevada from a member of the bar presenting the allegations of fee-splitting and conflicts of interest. (Doc. # 374-25). Defendant argues that "the State Bar of Nevada did not inquire further into the issue and did not issue any reprimand or other sanction to Gregory as to the conflict allegation." (Doc. # 377). The government's evidence is therefore insufficient to support a finding that defendant committed the alleged offenses.

Based on the foregoing, the court will deny the government's motion as it relates to the 2008 state bar complaint. In light of the court's finding that the evidence fails two prongs of the *Cherer* test, the court will not address the evidence under Rule 403 or the other two prongs of the Rule 404(b) test. The motion will be denied as to the 2008 evidence.

C.  *Illegal notarizing scheme*

Finally, the government seeks to admit evidence that defendant asked his paralegal to notarize documents when the signatory was not present. (Doc. # 374). The government contends that this evidence is intrinsic to the instant charges, and alternatively, that it meets Rule 404(b)'s test for other acts evidence. (Doc. # 374). The court will address these arguments in turn.

. . .

. . .

James C. Mahan
U.S. District Judge

*i.     Intrinsic evidence*

The government first alleges that this evidence is intrinsic to the instant offenses and thus exempt from Rule 404(b) scrutiny. (Doc. # 374). The government contends that at least one HOA document related to the instant case was illegally notarized by defendant's paralegal as part of a fraudulent pattern of conduct. (Doc. # 374).

Evidence may be admissible as intrinsic in two instances. First, the proposed evidence may be introduced "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Viscarra-Martinez*, 66 F.3d at 1012-13. The government argues that this standard is met here, and cites *United States v. DeGeorge*, 380 F.3d 1203 (9th Cir. 2004) in support of this contention.

*DeGeorge* is inapplicable to the facts of the instant case. In that case, the court permitted intrinsic evidence that the defendant "had previously lost three insured vessels at sea." 380 F.3d at 1219. This evidence helped to explain the defendant's role in the charged conspiracy as well as why the defendant concealed his loss history on a later insurance application. *Id.* at 1220.

The government fails to make any such connection in the instant case. Based on the present evidence, the court is unable to find that defendant's role in any illegal notarizing scheme is necessary to paint a complete story of the instant alleged conspiracy.

The government has not provided sufficient evidence to show that any illegal notarizing was related to the conspiracy alleged in the current case. The government also does not provide or point to any particular document relating to the alleged conspiracy that was supposedly notarized illegally.

For this reason, the court also fails to find that the proposed evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *Viscarra-Martinez*, 66 F.3d at 1012. While illegally notarized documents related to the alleged HOA scheme may meet this test, the government has not provided the court with proof of any such documents. Accordingly, the proposed evidence of an illegal notarizing scheme fails to meet the test for intrinsic evidence. As a result, the court will not admit the evidence on these grounds.

. . .

James C. Mahan
U.S. District Judge

- 7 -

          *ii.*        Other acts evidence

The proposed evidence also does not meet the 404(b) test for evidence of other acts. The government argues that this evidence is probative in that "it shows that [defendant's] submission of a fraudulently notarized declaration as part of the Jasmine HOA lawsuit was not a mistake or accident, but rather part of a course of conduct in his office." (Doc. # 374).

In support of admissibility, the government includes the declaration of FBI special agent Michael Elliott. (Doc. # 374-5). Elliott states in his declaration that "[a]s part of the investigation, investigators reviewed 'notarized declarations' submitted as part of a lawsuit filed by [defendant] . . . [that] were purportedly from certain Jasmine HOA homeowners, but investigators learned that the signatures of some of the homeowners were forged." (Doc. # 374-5).

Elliott further states that "Stubbs also said during [interviews with investigators] that [defendant] and his wife both asked Stubbs to notarize documents when the signatory was not present." (Doc. # 374-5). At this point in the case, the government has provided only hearsay statements to support these allegations. The government does not point to particular documents that were allegedly illegally notarized as part of the instant conspiracy. The court therefore finds that this evidence does not meet the sufficiency prong of the *Cherer* test.

For these reasons, the cases cited by the government in favor of admissibility are distinguishable. *See United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997); *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 1992). The evidence at issue in these cases was all admitted at trial through direct witness testimony.

By contrast, the government seeks to introduce the other acts evidence here pursuant to the declaration of an investigator without direct knowledge prior to trial. This request is premature and the government's motion is inadequate to support a present ruling that the evidence is admissible.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

In light of the instant finding that the proposed evidence fails the sufficiency prong of the Rule 404(b) test, the court will not address the other prongs of the *Cherer* test or the admissibility of the instant evidence under Rule 403.

For the foregoing reasons, the court will deny the instant motion as to the illegal notarizing evidence. The court will address the admissibility of evidence at trial as appropriate.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion *in limine*, (doc. # 374), be, and the same hereby is, DENIED.

DATED December 1, 2014.

_____
UNITED STATES DISTRICT JUDGE