**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

LEON BENZER, KEITH GREGORY, et al.

Defendants.

Case No. 2:13-cr-00018-JCM-GWF

**FINDINGS & RECOMMENDATIONS**

**Motion to Dismiss (#390)**

This matter is before the Court on Defendant Leon Benzer's Motion to Dismiss-Prosecutorial Misconduct (#390), filed on November 3, 2014. The Government filed its Opposition to Defendant Benzer's Motion (#408) on November 20, 2014. Defendant Benzer filed his Reply (#420) on November 25, 2014. Also before the Court is Defendant Gregory's Joinder in the Benzer Motion to Dismiss (#410), filed on November 20, 2014. The Government filed its Opposition to Defendant Gregory's Joinder (#423) on November 26, 2014. Defendant Gregory filed his Reply (#430) on December 2, 2014. The Court conducted a hearing in this matter on December 15, 2014.

**BACKGROUND**

Defendant Leon Benzer's motion to dismiss the indictment based on prosecutorial misconduct arises from Co-Defendant Keith Gregory's motion to sever which was filed on August 5, 2014. *See Motion to Sever (#328).* The Government filed its response to Defendant Gregory's motion to sever on August 22, 2014 and Defendant Gregory filed his reply on September 5, 2014. *See Docket Nos. 339 and 344.* The Court set a hearing on Defendant Gregory's motion to sever for September 16, 2014 at 3:30 p.m. *Order (#342).* On the day of the hearing, Defendant Gregory

filed a Motion to Seal Supplement to his Motion to Sever (#347).[1] This motion was docketed at 12:53 P.M. Defendant Gregory moved for an order sealing his supplement which consisted of the memoranda of interviews of Co-Defendant Leon Benzer during proffer sessions with the Government. Defendant Gregory represented that "[t]he Government, by and through Charles La Bella, Esq., has stated to Gregory's counsel the instant Motion to Seal said documents is appropriate." *Id., pg. 1.* The motion briefly discussed why the Benzer proffer interviews were relevant to Defendant's Gregory's motion to sever. *Id., pgs. 1-2.* Although the Court had not granted Defendant Gregory leave to file a supplement to his motion to sever, Defendant Gregory attached the memoranda of interviews as exhibits to his unsealed Motion to Seal Supplement (#347).

The Government filed its Response to Defendant Gregory's Motion to Seal Supplement to his Motion to Sever (#349) on September 16, 2014. The Government's response was docketed at 1:56 P.M. The Government stated that "contrary to the representation in the motion, counsel for the United States did not agree that 'the instant Motion to Seal said documents is appropriate.'" The Government also argued that Defendant Gregory's supplement was filed too late, noting that there was no reason that the material in the supplement could not have been included in Defendant's reply. *Id., pg. 1.* The Government further stated:

> Third, Defendant Gregory has offered absolutely no justification for why the "supplement" should be sealed. "[A]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *United States v. Stoerau*, 524 F.3d 988, 1012 (9th Cir. 2008) (citation and internal quotation omitted). Thus, in considering motions to seal, '[courts] begin with the press and public's 'presumed right of access to court proceedings and documents' under the First Amendment." *United States v. Guerrero*, 693 F.3d 990, 1000 (9th Cir. 2008). Having offered no reason whatsoever for sealing, Defendant Gregory's motion should be denied.

*Government's Response (#349), pg. 2.*

The undersigned magistrate judge issued an order temporarily sealing Exhibit A to the motion "until the Court has the opportunity to review and determine whether sealing is

[1] This motion was subsequently sealed and stricken per order #358.

appropriate." *Order (#351)*, docketed at 4:13 P.M. on September 16, 2014. At the outset of the September 16th hearing, the Court stated that it had reviewed Defendant Gregory's motion to seal shortly before the hearing and had ordered that it be temporarily sealed. The Government's counsel, Mr. La Bella, responded to the Court by stating:

> In light of the late filing, we even have a later filing, which would oppose the sealing, because we don't think there's a legitimate reason to do so.
>
> There might have been a misunderstanding between counsel. Mr. Snow believes that – that I have agreed to – if we filed them, any of the proffers, either Mr. Benzer's or Mr. Gregory's, that we would agree to them being sealed.
>
> The government's not going to agree to that. So if there was a misunderstanding, it was a misunderstanding. So that's why we oppose it.

*Government's Opposition to Defendant Benzer's Motion to Dismiss (#408), Exhibit C, Transcript of Proceedings, pg. 4.*

Defendant Gregory's counsel, Mr. Snow, responded to the Court as follows:

> Thank you, Your Honor. It's the – I apologize that was filed late. They are answers, proffers. They took them. They've read them. They know what they are.
>
> I finally caught up with Mr. Albregts, who is Mr. Benzer's lawyer, at the hearing this morning in front of Judge Mahan and discussed it with him. He didn't seem to have an objection if I filed them under seal.
>
> My concern was impairing Mr. Benzer's right to a fair trial, at the same time, protecting my client – vis a vis the publicity that could come from that – protecting my client's right to a fair trial, because I think the proffers go to the heart of some of the things we are going to argue today. So that's how we got here today.

*Id., pg. 5.*

The Court then heard argument on Defendant Gregory's motion to sever and took the motion under submission. *Transcript of Proceedings, pg. 37.* Following the hearing, the undersigned entered an order on September 17, 2014 denying Defendant Gregory's motion to seal the supplement to his motion to sever. The order stated in part:

> The Government has since filed its Response to Defendant Gregory's Motion (#349) stating that it does not agree that sealing of the

> document is appropriate and furthermore that Defendant have (sic) offered no grounds for sealing the documents. The Court agrees. Based on the public's presumed right of access to court proceedings and documents under the First Amendment, *United States v. Guerrero*, 693 F.3d 999, 1000 (9th Cir. 2012), and Defendant's failure to provide any grounds for sealing the documents,
>
> **IT IS HEREBY ORDERED** that Defendant Keith Gregory's Motion to Seal Supplement to his Motion to Sever (#347) is **denied**.

*Order (#353)*, docketed on September 17, 2014 at 8:19 A.M.

Pursuant to this order, the proffer memoranda attached to Defendant Gregory's motion (#347) were unsealed. Defendant Gregory filed a motion to withdraw the proffer memoranda on September 18, 2018. Defendant Gregory's motion to withdraw was docketed at 5:52 P.M. The Court granted Defendant Gregory's motion to withdraw the proffer memoranda on September 19, 2014 and ordered that "Defendant Keith Gregory's Motion to Seal Supplement to His Motion to Sever (#347), along with Exhibits, are stricken and sealed." *Order (#358)*, docketed at 11:36 A.M.

The *Las Vegas Review-Journal* newspaper subsequently published an article about the contents of the Benzer proffer memoranda on October 31, 2014. *See Defendant Benzer's Motion to Dismiss (#390), Exhibit A.* In anticipation of Defendant Benzer obtaining a subpoena for its PACER account records, the *Las Vegas Review-Journal* filed a motion to quash subpoena on December 12, 2014 in which its counsel indicated that the *Review-Journal* obtained the Benzer proffer memoranda during the two day period they were unsealed in the court docket. *Motion to Quash Subpoena (#437), pgs. 1-2.*

Defendant Benzer and the Government have quoted from an exchange of emails between counsel for Defendant Gregory and the Government on August 10, 2014 relating to the filing of the proffer memoranda as exhibits to Defendant Gregory's motion to sever. *See Motion to Dismiss (#390), pg. 2 and Government's Opposition (#408), pg 3.*[2] Although the parties emphasize different statements in the emails, their quotations are substantially identical. The emails stated as follows:

. . .

[2] The parties have not attached the emails as exhibits to their respective briefs.

Counsel for Defendant Gregory:

> As to the severance motion, it seems to us that the Benzer proffer is a key piece to the motion. If we file the proffer (you or us) we think it should be filed under seal to protect Benzer's right to a fair trial–if that right still exists. Your thoughts on filing the proffer under seal? We should probably consult Dan [Albregts] about this as well.

Counsel for the Government responded:

> We will not be filing the Benzer or Gregory proffers. I have so much more to talk about. I will not object to filing them under seal but you have to file both so the court has the full story. If you file one we will file the other for in camera review.

Defendants Benzer and Gregory argue that counsel for the Government engaged in prosecutorial misconduct by reneging on or violating the agreement with Defendant Gregory's counsel that the Benzer proffers could be filed under seal in regard to Defendant Gregory's motion to sever. Defendants argue that this misconduct resulted in the prejudicial publication of the newspaper article regarding the contents of the proffer memoranda. Defendants request that the indictment be dismissed as a sanction for the Government's misconduct or that the Court impose some other appropriate sanction to punish the Government and rectify the prejudice resulting from its misconduct. The Government denies that it engaged in any misconduct that would warrant the imposition of sanctions.

**DISCUSSION**

An indictment may be dismissed with prejudice under either of two theories: First, an indictment may be dismissed on the ground of outrageous government conduct if the conduct amounts to a due process violation. Second, if the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss the indictment under its supervisory powers. *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008), citing *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). Dismissal based on a violation of due process is limited to extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice. *United States v. Black,* 733 F.3d 294, 302 (9th Cir. 2013), *United States v. Stinson*, 647 F.3d 1196, 1209-10 (9th Cir. 2011) and *United States v. Williams*, 547 F.3d 1187, 1199 (9th Cir. 2008). To dismiss an indictment on this basis requires that

defendant meet an "extremely high standard." *Black, supra*, 733 F.3d at 302. The court noted that there are only two reported decisions in which federal appellate courts have reversed convictions under this doctrine. *Id.* In regard to dismissal under the court's supervisory powers, *Chapman* states that the court has the power "'to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a jury verdict rests on appropriate considerations validly before a jury; and to deter future illegal conduct.'" 547 F.3d at 1085, quoting *United States v. Simpson*, 927 F.3d 1088, 1090 (9th Cir. 1991).

A criminal defendant has the right under the Sixth Amendment to the United States Constitution to trial before an impartial jury. *Skilling v. United States*, 561 U.S. 358, 130 S.Ct. 2896, 2912-13 (2010). Hypothetically, dismissal of an indictment on due process grounds or pursuant to the court's supervisory powers could be justified if the prosecutor or the government has willfully provided inadmissible evidence or information about the defendant to the news media or engaged in other misconduct for the purpose of prejudicing the community against the defendant so that he cannot receive a fair trial. Even then, the court would be required to balance the severity of the government's misconduct against the prejudice to the defendant, and determine whether some other remedy, such as a change of venue, is more appropriate than dismissal.

The Court finds that the Government's alleged misconduct in this case does not rise to the level that supports dismissal of the indictment under either the Due Process Clause or the court's supervisory powers. Defendant Gregory's counsel was certainly justified in believing based on the August 10, 2014 email exchange that Government's counsel did not object to the filing of the Benzer proffer memoranda under seal so long as the Gregory proffer memoranda were also submitted under seal for the court's consideration on Defendant Gregory's motion to sever. Defendant Gregory, however, did not file the proffer memoranda under seal prior to the filing of the Government's opposition to his motion to sever on August 22, 2014. Nor did Defendant Gregory file the proffer memoranda under seal with his reply brief on September 5, 2014. Instead, Defendant Gregory filed his Motion to Seal Supplement to his Motion to Sever (#349) only a few hours before the September 16, 2014 hearing on the motion to sever. This late filing may well have caught the Government's counsel by surprise, as it did the Court. Under these circumstances,

Government's counsel is entitled to some benefit of the doubt that he may not have recalled his previous statement on August 10th that he would not object to the filing of the proffer memoranda under seal.

That said, instead of objecting to the motion on the grounds that the supplement should not be sealed, the Government should have limited its opposition to the untimeliness of Defendant Gregory's motion to file the supplement. The undersigned magistrate judge also erred by entering the order on September 17, 2014 unsealing the proffer memoranda which the Court had initially temporarily sealed. Before unsealing the Benzer proffer memoranda, the Court should have given Defendant Benzer an opportunity to address the issue and have also afforded Defendant Gregory the opportunity to withdraw the supplement before it was unsealed by court order. This combination of misjudgments or errors by Defendant Gregory's counsel, the Government's counsel and the Court resulted in the Benzer proffer memoranda being unsealed in the court docket for a period of two days during which time they were available to the public and the news media. These circumstances, however, do not demonstrate a level of misconduct by the Government which warrants the imposition of sanctions, and, in particular, the severe sanction of dismissing the indictment.[3]

As stated in the Court's order denying Defendants' motions to change venue, the October 30, 2014 newspaper article regarding the Benzer proffer memoranda raises a serious concern that potential jurors who read the article may be unable to fairly and impartially consider the evidence in this case. The Court concluded, however, that this article, together with the other pretrial publicity that this case has generated, does not require the trial of this case to be transferred to another venue. *See Order (#443)*. Transferring the trial of this case to another venue as a sanction for the Government's alleged misconduct is also not warranted.

. . .

---

[3] Although it is possible that the newspaper obtained the proffer memoranda during the two hour period they were unsealed before the Court entered its initial order on September 16, 2014, this seems less likely than that they were obtained during the two day period following the Court's September 17th order. The Court finds no basis for the speculation that the Government's counsel or other agents may have disclosed the Benzer proffer memoranda to the newspaper through some other means.

## CONCLUSION

The Government's alleged misconduct in objecting to the filing of the Benzer proffers under seal does not rise to the level of misconduct that would justify dismissal of the indictment under the Due Process Clause of the Fifth Amendment or pursuant to the court's supervisory powers. Nor is transfer of the trial to another venue justified as a sanction for the Government's alleged misconduct. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant Leon Benzer's Motion to Dismiss-Prosecutorial Misconduct (#390) and Defendant Gregory's Joinder in the Benzer Motion to Dismiss (#410) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of January, 2015.

George Foley Jr.

GEORGE FOLEY, JR.
United States Magistrate Judge