1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,                    )
                                             )
                    Plaintiffs,              )        Case No. 2:13-cr-00018-JCM-GWF
                                             )
vs.                                          )        **ORDER**
                                             )
LEON BENZER, *et al.*                        )        **Motion to Unseal (#636)**
                                             )
                    Defendants.              )
_____)

    This matter is before the Court on Intervener Las Vegas Review Journal's Motion to Unseal
(#636), filed on June 9, 2015.  The Government filed its Response (#679) on June 26, 2015.  None
of the Defendants have filed responses to the Review Journal's motion.  The Court conducted a
hearing in this matter on August 5, 2015.

<u>**BACKGROUND AND DISCUSSION**</u>

    The indictment in this case alleged that Defendants conspired to take control of
condominium homeowners associations ("HOAs") in Southern Nevada and thereby gain control
over the HOAs' construction defect claims and steer them to attorneys and construction companies
involved in the conspiracy.  Since the indictment was filed on January 15, 2013, numerous
documents have been filed in the docket under seal.  Some of those documents were subsequently
unsealed, but others remain sealed.  Based on the public interest in this case, the Las Vegas Review
Journal newspaper has intervened in the action and moved to unseal the documents filed under seal.
The Review Journal does not have access to docket entries which describe the nature of the sealed
documents and therefore states that it "can only speculate or theorize as to what [the sealed]
documents, hearings and pleadings may consist of."  *Motion (#636), pg. 6.*  The Review Journal
further states: "Certainly, some of [the sealed documents or proceedings] were properly sealed,

such as budgetary status conferences, or financial affidavits submitted by Defendants." *Id.* The Review Journal indicates that it is primarily interested in obtaining public access to judicial records that contain information about the criminal investigation and the charges against the Defendants. The Review Journal's counsel also stated at the hearing that it does not request the unsealing of records regarding administrative matters. The Government either does not oppose or takes no position regarding the sealed docket entries identified in the Review Journal's motion. *Response (#679).*

### 1.    **Defendants' Affidavits of Financial Conditions.**

(a) The courts have generally held that a defendant's affidavit of financial condition is an administrative, rather than a judicial record, and does not fall within the qualified First Amendment or common law right of public access. *Boston Herald v. Connolly*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998); *United States v. Lexin*, 434 F.Supp.2d 836 (S.D.Cal. 2006); and *United States v. McGee*, 2007 WL 2570240 (E.D.Wis. 2007). *Lexin* also states that even if a defendant's affidavit of financial condition can be classified as a judicial record, there is no qualified First Amendment right of access to such documents. 434 F.Supp.2d at 849-855. This Court finds the reasoning of these cases persuasive. Because the Review Journal does not request the unsealing of the defendants' financial information, however, the Court does not discuss these decisions in greater detail. Docket Nos. 18, 20, 22, 24, 26, 28, 30, 32, 52, 157, and 331 are affidavits of financial condition filed on behalf of Defendants. These documents shall remain sealed.

(b) Docket Nos. 154, 166, 179, 180, 182, and 183, although not affidavits of financial condition, relate to Defendant Levinson's ex parte request regarding the release of funds belonging to him to be used for payment of his legal fees and his qualification for CJA representation. The Court finds that these matters are also administrative in nature and do not qualify as judicial records for the reasons set forth in the foregoing cases and, accordingly, shall remain sealed.

(c) Docket Nos. 245 and  248 relate to a sealed motion and order to disclose the financial affidavit of Defendant David Ball. The Government subsequently filed a publicly

available motion for an order to disclose the financial affidavit of Defendant Ball. Docket No. 258. Defendant Ball did not oppose the Government's motion and it was granted. Docket No. 273. There is no reason for Docket Nos. 245 and 248 to remain sealed and they will be unsealed. The Government subsequently filed Defendant Ball's financial affidavit under seal. Docket No. 621. However, since Defendant did not object to the disclosure of his financial affidavit, Docket No. 621 should also be unsealed.

(d) Defendant Gregory filed a motion to seal his ex parte motion for funding of defense expenses under the Criminal Justice Act. Docket No. 303. That document is not under seal. Nor is the Court's order granting that motion. Docket No. 305. However, Defendant Gregory's subsequent motion relating to CJA funding for his defenses expenses is under seal. Docket No. 306. In addition, the Court's minute orders relating to Defendant's motion are under seal. Docket No. 308, 323 and 324. The Court's order granting Defendant Gregory's Motion, Docket No. 334 is also sealed. Docket No. 306 will remain sealed. There is nothing confidential in the Court's minute orders or in the order granting Defendant Gregory's Motion. Docket Nos. 308, 323, 324 and 334 will therefore be unsealed.

**2.    Records Relating to Budgetary Matters**.

As stated, the Review Journal does not seek the unsealing of administrative matters relating to budgetary hearings. The Court finds that at least some of the docket entries relating to these matters should be unsealed, while others should remain under seal for the time being. Docket No. 47 is the sealed ex parte motion for the appointment of Russell M. Aoki as coordinating discovery attorney for the Defendants. Document Nos. 48 and 49 are sealed orders, one unsigned and the other signed, appointing Mr. Aoki as the coordinating discovery attorney for the defendants. Mr. Aoki's role as coordinating discovery attorney is a matter of public record. He has engaged in communications with the Government counsel and participated in discovery status conferences open to the press and public. There is nothing of a confidential or privileged nature in the motion or orders regarding the appointment of Mr. Aoki that justifies their remaining under seal. There is also nothing confidential in the amended order permitting the coordinating discovery attorney to file status reports under seal. Docket Nos. 47, 48, 49 and 218 will therefore be unsealed.

1    Docket Nos. 195, 219, 220, 230, 246, 252, 259, 271, 278, 291, 299, 327, 343, 369, 382,

2    425, 444, 464, 511, 564, 565, 597, and 622 are the sealed status reports filed by Mr. Aoki.  Mr.

3    Aoki has filed two additional sealed status reports since the Review Journal filed its motion.

4    Docket Nos. 689 and 725.  Docket Nos. 196 and 198 are a sealed motion and order regarding a

5    request for technology services by the coordinating discovery attorney.  Public disclosure of these

6    reports could potentially reveal defense tactics or strategy, and, if publicly disclosed, could be

7    prejudicial to Defendants who have appealed their convictions, if the convictions are reversed and

8    new trials granted.  As indicated, the Review Journal does not seek to unseal these documents.

9    Prior to any order unsealing them, the court will specifically afford the Defendants and the

10    coordinating discovery attorney an opportunity to object to such unsealing.  These documents shall

11    therefore remain sealed.

12    **3.    Documents Regarding "Benzer Proffers."**

13    Docket No. 347 is a motion filed by Defendant Keith Gregory to seal the supplement to his

14    motion to sever which consisted of "FBI 302" reports regarding proffer sessions between

15    Defendant Benzer and the Government.  Defendant Gregory attached the reports to his unsealed

16    motion to seal. The issues arising from the initial unsealed filing of the proffer documents, and the

17    court's subsequent orders sealing and then unsealing the proffer documents were litigated during

18    this action. *See Findings and Recommendations (#447).*  On September 19, 2014, the Court

19    granted Defendant Gregory's Motion to Withdraw the Proffers.  Docket No. 355.  The Court's

20    Order, Docket No. 358, granting that motion is not under seal.  Pursuant to Order (#358),

21    Defendant's Gregory's motion to seal the supplement to his motion to sever, together with the

22    attached proffer documents, was stricken and sealed.  The Review Journal obtained copies of the

23    proffer documents during the period they were unsealed and published articles concerning them.

24    The Review Journal presumably still has the proffer documents and can publish further articles

25    about them if it so desires.  The Court, however, finds no grounds for unsealing the stricken motion

26    and the attached proffer documents.

27    . . .

28    . . .

4

4.    **Jury Documents.**

Docket Nos. 497, 508, 539, and 543 relate to jury matters.  These documents do not relate to any substantive matters and shall remain under seal.

5.    **Documents That Are Already Unsealed or Which Should Be Unsealed.**

The following documents are either already unsealed or will be unsealed pursuant this order:

(a) Docket No. 4 is the arrest warrant for Defendant Jose Alvarez on the Indictment. There is no reason for this document to remain sealed and it will be unsealed.

(b) Docket No. 58 is a Minute Order in Chambers and is not under seal.

(c) Docket No. 115 is an arrest warrant for Defendant McChesney on a petition for action on conditions of pretrial release.  The petition was unsealed at the time of Defendant's initial appearance and there is no reason for the warrant to remain sealed.

(d)  Docket Nos. 224, 225, 226, 228, 231, 247, 251, 253, 262, and 263 all relate to Defendant Gregory's Motion to Seal the Government's Motion to Admit Evidence Pursuant to Fed.R.Evid. 404(b) (#226), filed on December 20, 2013.  The Court initially denied Defendant Gregory's motion on February 5, 2014.  Order (#247).  Defendant Gregory objected to the denial of his motion.  The District Judge overruled the objection and upheld the denial of the motion on July 9, 2014.  Docket No. 304.  The Court  ordered that the documents relating to Defendant Gregory's motion, together with the minutes and recording of the January 14, 2014 motion hearing, be unsealed.  The Court also directed that its order, Docket No. 304, be unsealed.  That order, however, was inadvertently not unsealed.  The following documents relating to this matter have already been unsealed:  Docket Nos. 224, 225, 226, 228, 231, 247, 262, and 263.  The Court orders that the following documents also be unsealed: Docket Nos. 251, 253, and 304.

(e)  Docket Nos. 236 and 237 relate to the Joint Motion to transfer the case captioned *United States v. Levinson*, Case No. 2:14-cr-00010, to Judge Mahan.  These documents were apparently sealed because they referenced Defendant Levinson's plea agreement.  Defendant Levinson has now been sentenced pursuant to his guilty plea.  There appears to be no reason for Docket Nos. 236 and 237 to remain sealed and they will be unsealed.

(f) Docket Nos. 295, 298, 300, 301, 302, 326, 403, and 414 relate to sealed motions for the issuance of subpoenas by Defendant Edith Gillespie. Docket Nos. 489 and 496 relate to sealed hearing and trial subpoenas by Defendant Gregory. Docket No. 433 is a Sealed Ex Parte Motion for Issuance of a Subpoena by Defendant Benzer. Docket No. 521 is a Sealed Ex Parte Motion for Issuance of a Subpoena by Defendant Ruvolo, and Docket No. 524 is an order relating to that motion. The Court is not aware of any reason why these documents should remain sealed and will therefore order that they be unsealed.

(g) Docket No. 432 is not under seal.

(h) Docket No. 445 is the PR Bond of Defendant McChesney and is not sealed.

(i) Docket No. 579 is the transcript of the first day of trial and should be unsealed.

Accordingly,

**IT IS HEREBY ORDERED** that the Las Vegas Review Journal's Motion to Unseal (#636) is **granted**, in part, and **denied**, in part, as follows:

1. The following Docket Numbers shall be unsealed: 4, 47, 48, 49, 115, 218, 236, 237, 245, 248, 251, 253, 295, 298, 300, 301, 302, 304, 308, 323, 324, 326, 334, 403, 414, 433, 489, 496, 521, 524, 579, and 621.

2. All other Docket Numbers referenced in the Review Journal's Motion are either documents that are not under seal, or are documents that the Court has determined should remain sealed.

DATED this 7th day of August, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

6