UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is defendant Keith Gregory's motion to strike and seal (ECF No. 909) exhibits F-1, F-2, and F-3 (ECF Nos. 891, 892, 893) to his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 883). Gregory requests that those exhibits be stricken from the record and sealed, as they "contain privileged attorney-client and attorney work product information that was never intended to be filed with the Court but were nevertheless inadvertently filed." *Id*. The court will first address whether to strike, and will then turn to whether to seal, the exhibits.

With regard to Gregory's motion to strike, the court finds that these exhibits contain attorney-client privileged information and attorney work product. The exhibits are replete with references to counsel's mental impressions and conversations he had with Gregory. The court therefore accepts Gregory's admission that the release of this information was inadvertent and will accordingly strike exhibits F-1, F-2, and F-3 (ECF Nos. 891, 892, 893) from the record. The court thus turns to whether to seal the exhibits.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 (1978). A party seeking to seal a judicial record must comply with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). If the court decides to seal judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

After reviewing the exhibits in question, the court finds that there exist compelling reasons to seal exhibits F-1, F-2, and F-3 (ECF Nos. 891, 892, 893). Those exhibits include the type-written notes of Gregory's counsel, which reflect his mental impressions of the case and privileged conversations that he had with Gregory. Given the public's interest in protecting against the inadvertent disclosure of privileged and work product material and the court's determination that these exhibits should be stricken from the record, the court finds sufficiently compelling reasons to seal these exhibits.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gregory's motion to strike and seal (ECF No. 909) exhibits F-1, F-2, and F-3 (ECF Nos. 891, 892, 893) be, and the same hereby is, GRANTED. Exhibits F-1, F-2, and F-3 (ECF Nos. 891, 892, 893) are hereby STRICKEN.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

IT IS FURTHER ORDERED that the clerk shall seal Exhibits F-1, F-2, and F-3 (ECF Nos. 891, 892, 893).

DATED January 16, 2020.

_____
UNITED STATES DISTRICT JUDGE