UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>LEON BENZER, et al.,<br><br>Defendant(s). | Case No. 2:13-CR-18 JCM (GWF)<br><br>ORDER |

Presently before the court is petitioner Keith Gregory's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 883). The United States of America ("the government") filed a response (ECF No. 903), to which petitioner replied (ECF No. 911).

**I.   Background**

On January 15, 2013, petitioner was charged, along with several codefendants, in an 18-count criminal indictment. (ECF No. 883 at 17). He was charged with conspiracy to commit mail fraud and two counts of wire fraud resulting from a scheme to infiltrate and take over several homeowners' associations ("HOAs") in the Las Vegas area. *Id.* Petitioner did not accept a plea agreement and went to trial represented by Rodney G. Snow, D. Loren Washburn, and Max E. Corrick. *Id.* After a fifteen-day jury trial, the jury found petitioner guilty of all charges against him. *Id.* On June 17, 2015, this court sentenced petitioner to custody for 120 months on each count, to run concurrently, in addition to $12,154,913.40 in restitution. *Id.*

On June 26, 2015, petitioner appealed his conviction to the Ninth Circuit. *Id.* On September 25, 2017, the Ninth Circuit affirmed petitioner's sentence. *Id.*

Petitioner now moves to vacate or correct his sentence pursuant to § 2555 based on claims of ineffective assistance of counsel and newfound evidence. (ECF No. 883).

**James C. Mahan**
**U.S. District Judge**

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).  Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).  Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622.  The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Further, ineffective-assistance-of-counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also Schlesinger*, 49 F.3d at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

. . .

James C. Mahan
U.S. District Judge

### III. Discussion

*A. Ineffective Assistance of Counsel*

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that her counsel's performance was deficient and that she was prejudiced by that deficiency. *Id.* at 687.

To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. But "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

*1. Plea Agreement*

Petitioner argues that trial counsel was ineffective for failing to properly advise him to accept a plea agreement. (ECF No. 883 at 19).

Petitioner fails to show his counsel was ineffective when conveying the plea agreement to him. He does not allege that counsel failed to inform him of the agreement, or incorrectly relayed its contents. He instead alleges that counsel was not convincing enough when urging him to accept the agreement. *Id.* at 21

The cases petitioner cites in support of this argument are distinguishable. Here, counsel did not provide incorrect legal advice. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Counsel

James C. Mahan
U.S. District Judge

- 3 -

also informed petitioner that the plea agreement existed and correctly relayed its terms. *See Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003); *United States v. Day*, 285 F.3d 1167, 1172–73 (9th Cir. 2002); *United States v. Blaylock*, 20 F.3d 1458, 1465–66 (9th Cir. 1994). Petitioner, with the benefit of hindsight, now wishes he listened to counsel's advice. Regret does not overcome the strong presumption of reasonable conduct the court affords to counsel. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Counsel did not force him to go to trial; petitioner made that decision. As an attorney himself, petitioner was aware that a trial could result in either acquittal or a longer sentence. The fact that his calculus was incorrect does not make trial counsel's conduct regarding the plea agreement ineffective. The court denies petitioner's motion as to the plea agreement argument.

*2. At Trial*

Petitioner also argues that several decisions made during trial constituted ineffectiveness. (*See* ECF No. 883 at 23). This included allowing an attorney to use an electrolarynx device to deliver the opening statement, a lack of "sufficient energy and enthusiasm" by another, and the decision to have petitioner testify at trial. *Id.* at 23–25.

Disagreeing with counsel's tactical decisions does not constitute ineffective assistance of counsel. *See Wildman v. Johnson* 26 F.3d 832, 840 (9th Cir. 2001). Petitioner's argument regarding attorney Rodney Snow's use of the electrolarynx falls flat. *Id.* at 23. There is no indication that Mr. Snow's performance when delivering the statement was deficient. Further, petitioner never argues the outcome of the trial would have been different had another attorney delivered the statement. Whether the jury could "follow" the opening statement has no bearing on the jury's evaluation of the evidence presented over the course of the fifteen-day trial. Even if the use of an electrolarynx constituted deficient performance, there is no evidence it was prejudicial to petitioner.

Likewise, petitioner's claim that counsel lacked adequate enthusiasm when examining witnesses has no merit. *Id.* at 23. Petitioner does not claim that counsel D. Loren Washburn failed to make substantive arguments or had an incorrect understanding of the facts or the law. Instead,

James C. Mahan
U.S. District Judge

petitioner simply wishes that counsel delivered his argument more forcefully. In effect, petitioner takes issue not with what counsel said, but how he said it.

A louder or more impassioned delivery does not change the facts underlying the argument. Petitioner must prove that counsel's ineffective performance substantially prejudiced him in some way. *See Strickland*, 466 U.S. at 689. Petitioner's two sentence argument concludes that Mr. Washburn's performance was ineffective without any reasoning and fails to allege that the outcome of the trial would have differed. (*See* ECF No. 883 at 23).

Petitioner also briefly claims this court's conduct at trial forced counsel to become passive when objecting to evidence. *Id.* at 23. Counsel's strategic decision to adapt their conduct rather than ask for a sidebar does not constitute ineffectiveness. Petitioner must make a substantial—not simply conceivable—showing of a different result. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011). There is no clear indication that an objection to evidence would have been sustained at all, much less affected the overall outcome of the trial.

Last, petitioner claims that counsel's decision to have him testify at trial constituted ineffective assistance. (ECF No. 883 at 23). Petitioner had a Fifth Amendment right not to testify against himself. Petitioner, as an attorney himself, surely knew of this right. (*See* ECF No. 883 at 24–25). He chose to waive that right. The fact that petitioner's testimony was unfavorable does not make counsel ineffective. *See Wildman* 26 F.3d at 840. Hindsight suggests that petitioner might have fared better had he chosen not to testify; such speculation does not overcome the strong presumption of reasonable attorney conduct. *See Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). The court finds that petitioner's decision to testify does not render his counsel ineffective.

The court denies petitioner's motion on all grounds relating to counsel's conduct at trial.

### *3. At Sentencing*

Petitioner also argues that his counsel was ineffective at sentencing by failing to object to the sentencing guideline range on a variety of grounds. *Id.* at 25–30.

All of the arguments petitioner raises here were addressed either at sentencing or on appeal. A motion under § 2255 is not an opportunity for petitioner to relitigate issues that were previously

**James C. Mahan**
**U.S. District Judge**

- 5 -

unsuccessful. *See Hayes*, 231 F.3d at 1139. Petitioner raised—and the Ninth Circuit rejected—his arguments regarding total loss and the number of victims. (*See* ECF Nos. 627; 641; 887). Likewise, the Ninth Circuit denied the argument that this court's characterization of petitioner as the "linchpin" of the criminal enterprise was prejudicial. (*See* ECF No. 888).

The only new argument presented is that counsel should have argued the objections "more strenuously." (ECF No. 883 at 23). Petitioner does not claim there was any fault or deficiency in counsel's objections, only that they were not forceful enough. Once again, this court notes that disagreeing with counsel's tactical decisions does not constitute ineffective assistance of counsel. *See Wildman*, 26 F.3d at 840. Repeating the content of these objections more fervently would not have altered petitioner's sentence. The court denies petitioner's motion as it pertains to counsel's conduct at sentencing.

*4. On Appeal*

Petitioner also argues that his appellate counsel was ineffective for joining a co-defendants' arguments regarding purported judicial misconduct and restitution rather than briefing them separately and for failing to speak at oral argument. (ECF No. 883 at 30–31).

The Ninth Circuit rejected codefendants' claims of judicial misconduct and of miscalculated restitution. (*See* ECF No. 888). Even if petitioner had filed his own, separate brief on those issues, it would not have altered the Ninth Circuit's decision. There is nothing suggesting an additional brief from petitioner would have addressed anything codefendants' briefs did not.

As to petitioner's claim regarding oral argument, counsel filed an extensive brief arguing petitioner's case. (*See* ECF Nos. 885; 886; 887). Counsel is not ineffective for allowing the codefendant's attorney in a consolidated case to make oral argument, as is customary. Any issues unique to petitioner were raised in his briefing. This court denies petitioner's motion as it pertains to appellate counsel.

*B. New Evidence*

Petitioner also argues that codefendant Benzer's resentencing constitutes new evidence sufficient for relief under § 2255. (ECF No. 883 at 33–34).

The Ninth Circuit directly addressed—and rejected—petitioner's claim that his role in the scheme demanded a less severe sentence. (*See* ECF No. 888 at 11–12). "The record shows that Gregory played a key role in the takeover of two HOAs." *Id.* "Gregory has not shown that his sentence is so 'grossly disproportionate to the severity of [his] crime[s]' that it must be overturned." *Id.* (citing *Solem v. Helm*, 463 U.S. 277, 306 (1983)). The instant motion does not afford petitioner a second chance to litigate the issue of parity. *See Johnson*, 988 F.2d at 945; (ECF No. 870).

Petitioner also argues that new evidence has come to light regarding reimbursement to the HOAs affecting his restitution order. (*See* ECF No. 883 at 34–36). In his motion, plaintiff requests that the court "vacate or correct the restitution order from Gregory's sentence" upon verification of the HOAs' recovery from other sources. *Id.* at 36. In his reply, petitioner then claims he does not seek "to reduce his restitution order through evidence of Vistana HOA's recovery," but "seeks through this [m]otion to reduce his sentence by showing the loss caused by him is zero." (ECF No. 911 at 19–20). Setting aside the inconsistency of these claims, a § 2255 motion is not the appropriate vehicle to challenge a restitution order. *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). Petitioner's motion is denied as it pertains to evidence of restitution.

In summary, the court denies petitioner's motion on all grounds.[1]

*C. Certificate of Appealability*

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides in pertinent part as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

---

[1] Pursuant to 28 U.S.C. § 2255, a district court must grant a hearing to determine the validity of a petition brought under that section, "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Blaylock*, 20 F.3d at 1465. Taking all factual allegations as true, petitioner has not stated a claim for relief. Petitioner's claims all fail as a matter of law, and a hearing is not necessary to dispose of this motion.

**James C. Mahan**
**U.S. District Judge**

- 7 -

. . .

>  (c)
>
>  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. 484.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 8 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 833) be, and the same hereby is, DENIED.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Gregory v. United States*, case number 2:19-CV-01689-JCM.

DATED July 8, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge